USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HSBC BANK, N.A.,

                  Plaintiff,

   -v.-

PAKS HOLDINGS LLC, ANTHONY
RICCARDI, AND PATRICIA RICCARDI,

                  Defendants.
---------------------------------------------------------------X

SCHEDULING ORDER FOR
<u>DAMAGES INQUEST</u>

19-CV-10193 (PGG) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

On October 22, 2020, Judge Gardephe granted a default judgment against defendants Patricia Riccardi and PAKS Holdings, LLC (Dkt. No. 48), following an order of default judgment against defendant Anthony Riccardi on August 28, 2020 (Dkt. No. 37). He referred this case to me to conduct an inquest into damages (Dkt. No. 47).

"[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). In the context of a default, allegations in a pleading pertaining to damages are not deemed admitted. *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted by* 2014 WL 5051275

(S.D.N.Y. Oct. 8, 2014). Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2).

Moreover, where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction. *Hood v. Ascent Med. Corp.*, No. 13-CV-0628 (RWS) (DF), 2016 WL 1366920, at *6 (S.D.N.Y. Mar. 3, 2016), *adopted by* 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017). *See generally Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Because personal jurisdiction can be waived by a party, a district court should *not* raise personal jurisdiction *sua sponte* when a defendant has appeared and consented . . . to the jurisdiction of the court. But when a defendant declines to appear, . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (internal citations omitted).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff shall serve defendants and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment no later than **November 20, 2020**.

Plaintiff shall include with such service a copy of this Order.  The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

    2.  Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figures to the legal claims on which liability has been established; should demonstrate how plaintiff has arrived at the proposed damages figures; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages.  <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavits and or page of documentary evidence that supports each such Proposed Finding</u>.  To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

    Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed.  Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate.  Counsel should also include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate.  The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorney's fees, including why, if applicable, the number of attorneys involved are entitled to fees.  Finally, counsel should provide documentary evidence justifying an award of cost.

In lieu of conclusions of law, plaintiff may submit a memorandum of law setting forth the legal principles applicable to plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish liability, the proposed damages amount, and facts which establish that the Court has both personal jurisdiction over the defendants, and jurisdiction over the subject matter.

Defendants shall send to plaintiff's counsel and file with the Court their response, if any, to plaintiff's submissions no later than **December 11, 2020.**

3. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

4. A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.

Dated: October 23, 2020
      New York, New York

                                          _____
                                          JAMES L. COTT
                                          United States Magistrate Judge