USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

HSBC BANK USA, N.A.,             :
                                :
          Plaintiff,            :
                                :
     -v.-                       :        19-CV-10193 (PGG) (JLC)
                                :
PAKS HOLDINGS, LLC, ANTHONY     :        **REPORT &**
RICCARDI, and PATRICIA RICCARDI, :       **RECOMMENDATION**
                                :
          Defendants.           :
                                :
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul G. Gardephe, United States District Judge:**

In this breach of contract case concerning two promissory notes and related unconditional guarantees, the Court entered an order of default against defendants Patricia Riccardi and PAKS Holdings, LLC on October 22, 2020. It had previously entered an order of default against defendant Anthony Riccardi on August 28, 2020. The Court has now referred the case to me to conduct an inquest into damages. For the reasons stated below, I recommend that the Court award HSBC damages (inclusive of attorneys' fees and costs) in the amount of $1,008,484.40, plus a per diem interest rate of $86.51 and $36.46 for the Term Note and Demand Note, respectively, from November 19, 2020 through the date final judgment is entered.

1

## I. BACKGROUND

### A. Procedural History

On October 1, 2019, HSBC filed a complaint in New York State Supreme Court against defendants as an action for damages under two promissory notes and four unconditional guarantees, and for reformation of two loan documents. Complaint dated October 1, 2019 ("Compl.") ¶ 1, Dkt. No. 1-1.  HSBC alleged causes of action for reformation of the term and demand loan documents, breach of the term and demand notes, breach of the first and second guarantees by Anthony Riccardi, and breach of the first and second guarantees by Patricia Riccardi.  Compl. ¶¶ 21–47.  PAKS Holdings and Patricia Riccardi removed the case to this Court on November 1, 2019 on diversity jurisdiction grounds.  Dkt. No. 1 ¶ 5.  PAKS Holdings and Patricia Riccardi subsequently filed an answer to the complaint on November 19, 2019.  Dkt. No. 8.  Anthony Riccardi did not file an answer and never appeared in this action.  Accordingly, an order of default was entered against him on August 28, 2020.  Dkt. No. 37.

On September 11, 2020, HSBC moved for a default judgment against Patricia Riccardi and PAKS Holdings, as neither one appeared at a scheduled conference on August 27, 2020.  Dkt. No. 48 at 2.  The Court then ordered these defendants to show cause why a default judgment should not be entered against them, to which they did not respond.  Dkt. No. 45.  They then failed to appear for a scheduled hearing on October 22, 2020.  Dkt. No. 48 at 2.  That same day, the Court issued an order entering default against Defendants Patricia Riccardi and PAKS Holdings

and referred the action to me for an inquest into damages as to all three defendants. *Id*. On October 23, 2020, I entered a scheduling order directing that HSBC serve and file proposed findings of fact and conclusions of law concerning all damages and any other monetary relief permitted under the entry of default. Dkt. No. 49.

In support of its claim for damages, HSBC submitted proposed findings of fact and conclusions of law dated November 20, 2020. Dkt. No. 50 ("Proposed Findings"). Additionally, HSBC submitted a supplemental affidavit from Michael Vitale, Vice President in the Loan Management Unit at HSBC Bank (Supplemental Affidavit of Michael Vitale dated November 18, 2020 ("Vitale Aff."), Dkt. No. 50-1), and a supplemental declaration from Yolanda Strader, counsel for HSBC in this case (Supplemental Declaration of Yolanda Strader dated November 20, 2020 ("Strader Decl."), Dkt. No. 50-2). HSBC also included supplemental exhibits to Vitale's affidavit and Strader's declaration in support of its claim for damages, including documentation of the late payment charge history (Dkt. No. 50-1, "Composite Ex. 1"), future payoff enquiries (Dkt. No. 50-1, "Composite Ex. 1" and "Composite Ex. 2"), and invoices for legal services, corresponding attorneys' hourly rates, and incurred litigation costs from August 4, 2020 through October 31, 2020 (Dkt. No. 50-2, "Exhibit A").

In its inquest papers, HSBC seeks an award of $989,513.80 in damages for PAKS Holdings' breach of a demand note and term note and for Anthony and Patricia Riccardi's breach of guarantees, inclusive of prejudgment interest and late fees. Proposed Findings at 1. Additionally, HSBC seeks an award of $37,173.10 for

attorneys' fees and costs.  *Id.*  In sum, HSBC seeks an award totaling $1,026,686.90 as of November 18, 2020, plus a per diem interest rate after November 18, 2020 of $86.51 and $36.46 for the Term Note and Demand Note, respectively.  *Id.* at 8.

### B.  Factual Background

The following facts, which are drawn from the Court's review of HSBC's pleadings and supported by its submissions related to this inquest, are deemed established for the purpose of determining the damages to which HSBC is entitled.  *See, e.g.*, *Sills Cummis & Gross P.C. v. Dusange-Hayer*, No. 19-CV-7463 (PGG) (SDA), 2020 WL 6561650, at *1, n.1 (S.D.N.Y. Aug. 14, 2020) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted by* 2020 WL 5253516 (Sept. 3, 2020).  HSBC is a national banking association authorized to do business in the State of New York.  Compl. ¶ 2.  PAKS Holdings is a Connecticut corporation with its principal place of business in Fairfield County, Connecticut.  *Id.* ¶ 3.  Patricia Riccardi and Anthony Riccardi are individuals and members of PAKS Holdings, LLC and residents of Fairfield County, Connecticut.  *Id.* ¶¶ 4–5.

### 1.  Term Loan

On or about November 6, 2018, HSBC provided a term loan in the amount of $553,884.00 to PAKS Holdings ("Term Loan") and in turn PAKS Holdings delivered HSBC a term note reflecting the principal amount ("Term Note").  Compl. ¶¶ 8–9; Dkt. No. 1-2 ("Term Note").  That same day, Anthony Riccardi executed and delivered to HSBC an Unlimited Guaranty ("First AR Guaranty") and Patricia Riccardi executed and delivered to HSBC an Unlimited Guaranty ("First PR

4

Guaranty"), collectively referred to as the "First Guarantees." Compl. ¶¶ 8–9; Dkt. No. 1-3 (First AR Guaranty); Dkt. No. 1-4 (First PR Guaranty); Proposed Findings at 3. PAKS Holdings failed to make its July 2019 payment, and all payments due thereafter, and is in default of the Term Note. Compl. ¶ 10; Proposed Findings at 3. As a result of the default, PAKS Holdings owes $498,278.09 in principal for the Term Note and Anthony Riccardi and Patricia Riccardi are responsible for payment of the Term Note pursuant to the terms of the First Guarantees. Proposed Findings at 3–4. The First Guarantees specifically provide that Patricia and Anthony Riccardi are jointly and severally liable. *See* Proposed Findings at 4 (citing Dkt. No. 32-2 at Exs. 2 & 4).

## 2. Revolving Loan

On or about November 7, 2018, HSBC provided a revolving loan in the amount of $350,000.00 to PAKS Holdings ("Revolving Loan") and in turn PAKS Holdings delivered HSBC a revolving demand note reflecting the principal amount ("Demand Note"). Compl. ¶¶ 12–13; Dkt. No. 1-5 (Demand Note). That same day, Anthony Riccardi executed and delivered to HSBC an Unlimited Guaranty ("Second AR Guaranty") and Patricia Riccardi executed and delivered to HSBC an Unlimited Guaranty ("Second PR Guaranty"), collectively referred to as the "Second Guarantees." Compl. ¶¶ 14–15; Dkt. No. 1-6 (Second AR Guaranty); Dkt. No. 1-7 (Second PR Guaranty); Proposed Findings at 4. PAKS Holdings failed to make its July 2019 payment, and all payments due thereafter, and is in default of the Demand Note. Compl. ¶ 16. As a result of the default, PAKS Holdings owes

5

$350,000.00 in principal for the Demand Note and Anthony Riccardi and Patricia Riccardi are responsible for payment of the Demand Note pursuant to the terms of the Second Guarantees.  Proposed Findings at 4.  The Second Guarantees provide that Patricia and Anthony Riccardi are jointly and severally liable.  *See id.* (citing Dkt. No. 44 at Exs. 2 & 4).

### 3.  Interest and Late Charges

The Term Note and Demand Note both set forth interest fee provisions. Proposed Findings at 5 (citing Term Note at 1; Demand Note at 1).  The Term Note provides for a 6.25% per annum interest rate on the aggregate principal balance. Term Note at 1.  Additionally, if any payment due under the Term Note is unpaid for 10 days or more, PAKS Holdings is obligated to pay a late charge equal to "the greater of $15 or 5.0% of such unpaid amount."  Term Note at 3.  According to HSBC, as of November 18, 2020, it is owed $44,307.72 in interest and $73,193.62 in late fees pursuant to PAKS Holdings' default on the Term Note.  Proposed Findings at 5; Composite Ex. 1.

The Demand Note provides for a 0.5% per annum interest rate above the Prime Rate on the aggregate principal balance (as of February 2021, the Prime Rate has remained steady at 3.25%).[1]  Demand Note at 1.  HSBC contends that as of November 18, 2020, it is owed $23,734.37 in interest pursuant to PAKS Holdings' default on the Demand Note.  Proposed Findings at 5; Composite Ex. 2.

---

[1] *See Prime Rate, Federal Funds Rate, COFI,* Bankrate, https://www.bankrate.com/rates/interest-rates/prime-rate.aspx (last updated Feb. 16, 2021).

Interest will continue to accrue each day after November 18, 2020 on the Term Note and the Demand Note at the rate of $86.51 and $36.46, respectively. Proposed Findings at 5.

### 4. Attorneys' Fees and Costs

The Term Note and Demand Note provide that PAKS Holdings is responsible for reasonable attorneys' fees and expenses incurred by HSBC in enforcing its rights under the Notes. *See* Proposed Findings at 5 (citing Dkt. No. 32-3 at Exs. 1 (Term Note) & 3 (Demand Note)). Pursuant to the First and Second Guarantees, Anthony and Patricia Riccardi are responsible for attorneys' fees incurred by HSBC in enforcing its rights under the First Guarantee, the Second Guarantee, the Term Note, and the Demand Note. *See* Proposed Findings at 5–6 (citing Dkt. No. 32-3 at Exs. 2 & 4 (First Guarantees) & Dkt. No. 44 at Exs. 2 and 4 (Second Guarantees)).

The law firm of Carlton Fields, P.A. represents HSBC and has proffered that its attorneys worked 85.8 hours on this case through October 31, 2020 for a total of $36,405.00 in attorneys' fees. Proposed Findings at 6; Strader Decl. ¶¶ 4–5. Additionally, Carlton Fields, P.A. proposes the total amount of litigation-related costs incurred by HSBC to be $768.10, which includes expenses for Pacer federal court document charges ("Pacer"), filing/recording fees, express mail charges, and ground transportation charges. Proposed Findings at 6; Strader Decl. ¶ 10; Exhibit A.

7

## II.  DISCUSSION

### A. Legal Standards

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), *adopted by* 2016 WL 4532201 (Aug. 29, 2016)).[2]  A plaintiff "bears the burden of establishing its entitlement to recovery and thus must substantiate its

---

[2] "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citation omitted); *see also Cont'l Indus. Grp. v. Altunkilic*, 788 F. App'x 37, 40 (2d Cir. 2019) ("A district court is empowered to evaluate the sufficiency of allegations before awarding damages in a default judgment.").  To the extent the Court did not make a liability finding at the conference held on October 22, 2020 (Dkt. No. 51) (transcript) or otherwise as part of its entry of default, the record supports the conclusion that HSBC has established liability here.  As a threshold matter, the Court applies New York State law because it sits in diversity and because the agreements at issue specifically designate New York law as controlling.  *See* Dkt. No. 32-2 at Ex. 1 at 4 ("This Note shall be governed by the laws of the State of New York without giving effect to the conflicts of laws principles thereof."), Ex. 2 at 5 (same) & Ex. 3, at 5 (same).  Under New York law, the elements of the breach of contract claims at issue here are: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Diamond v. Calaway*, No. 18-CV-3238 (KPF) (KHP), 2019 WL 8955300, at *4 (S.D.N.Y. Oct. 25, 2019), *adopted by* 2020 WL 1228625 (Mar. 13, 2020) (quotation omitted).  In its complaint, HSBC sufficiently alleges that valid promissory notes, loan documents, and unconditional guarantees existed among the parties, that HSBC duly performed consistent with the agreements, that the defendants breached the agreements, and that HSBC has been damaged.  Thus, liability has been established as a matter of law.

claim with evidence to prove the extent of its damages." *Id.* at *3 (alterations omitted) (quoting *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012)).  "To establish damages upon default, a plaintiff must demonstrate that the 'compensation sought relates to the damages that naturally flow from the injuries pleaded.'" *Id.* (alteration omitted) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).  "[A] plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Nat'l, Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (internal citations omitted) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *adopted by* 2014 WL 5051275 (Oct. 8, 2014); *see also* Fed. R. Civ. P. 55(b)(2).[3]

"Under New York law, a successful plaintiff in a breach of contract action is entitled to damages in the 'amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract.'" *Am. Jewish Comm.*, 2016 WL 3365313, at *5 (quoting *Scholastic, Inc. v. Snap TV, Inc.*, No. 09-CV-4349 (GBD) (GWG), 2011 WL 1330246, at *3 (S.D.N.Y. Apr. 8, 2011)).  "Where damages are susceptible to simple mathematical calculation

---

[3] Through the execution of the Term Note, Demand Note, and the Guarantees, defendants consented to the jurisdiction of any New York federal or state court, "over any suit, action or proceeding arising out of or relating to" the Term Loan Documents or the Demand Loan Documents. *See* Term Note at 4; Demand Note at 4.  Thus, there is no jurisdictional issue presented here.

and the plaintiff provides a 'sufficient basis from which to evaluate the fairness' of the requested damages, no evidentiary hearing is necessary." *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.,* No. 15-CV-4410 (VM), 2018 WL 1596192, at *5 (S.D.N.Y. Mar. 28, 2018) (quoting *Am. Jewish Comm.*, 2016 WL 3365313, at *4).

## B. Analysis

### 1. Breach of Contract Damages

HSBC has provided sufficient evidence "in the form of detailed affidavits and other documentary materials to enable the court to 'establish damages with reasonable certainty.'" *Nat'l, Photo Grp., LLC,* 2014 WL 1396543, at *2 (internal citation omitted) (quoting *Transatlantic Marine Claims Agency, Inc.,* 109 F.3d at 111). Specifically, HSBC has produced signed copies of the Term Note, the Demand Note, the First Guarantees, the Second Guarantees, and the PAKS Holdings LLC resolution documents as supplemental exhibits to its complaint. *See* Compl., Exhibits 1–6, 8. Additionally, HSBC has provided a supplemental affidavit from Michael Vitale and, accompanying the Vitale Affidavit, copies of HSBC's payoff records for the Term Loan (Composite Ex. 1) and the Revolving Loan (Composite Ex. 2) as of November 18, 2020. The payoff records for the Term Loan detail monthly late payment charges of $538.63 beginning after defendants' missed July 2019 payment. Composite Ex. 1. The late payment charges are documented through October 21, 2020. *Id.* As of November 18, 2020, the total Term Loan payoff amount was $615,779.43, inclusive of accrued interest and late payment charges. *Id.* at 9. The supplemental records provided for the Demand Note detail the total

November 18, 2020 payoff amount as $373,734.37, inclusive of accrued interest charges. Composite Ex. 2. These submissions provide a sufficient basis from which to evaluate the fairness of the requested damages and therefore no evidentiary hearing is necessary.

In order to "put the plaintiff in the same economic position [it] would have been in had the defendant fulfilled its contract," *Am. Jewish Comm.*, 2016 WL 3365313, at \*5, HSBC is entitled to damages in the amount of $848,278.09, comprised of $498,278.09 in outstanding principal for the Term Note and $350,000 in outstanding principal for the Demand Note. Additionally, HSBC is entitled to $73,193.62 in late fees pursuant to the terms of the Term Note. In total, HSBC is entitled to $921,471.71.

### 2. Prejudgment Interest

"Under New York law, 'a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right.'" *Midwood Junction v. Puerto del Sol Int'l Inv., S.A.*, No. 15-CV-5181 (RA) (SN), 2016 WL 8905357, at \*4 (S.D.N.Y. Dec. 5, 2016) (quoting *U.S. Naval Inst. v. Charter Comm'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991)), *adopted by* 2017 WL 1857248 (May 4, 2017). The statutory interest rate in New York is nine percent per annum pursuant to CPLR § 5004 and is generally "computed from the earliest ascertainable date the cause of action existed." CPLR § 5001(b). However, if "the contract provides a rate at which interest is to be calculated, then the contractual rate, rather than the statutory rate . . . , governs." *Hood v. Ascent*

*Med. Corp.*, No. 13-CV-0628 (RWS) (DF), 2016 WL 1366920, at \*19 (S.D.N.Y. Mar. 3, 2016) (internal quotations omitted) (quoting *Nuera Commc'ns, Inc. v. Telron Commc'ns USA, Inc.,* No. 00-CV-9167 (RMB) (FM), 2002 WL 31778796, at \*3 (S.D.N.Y. Nov. 15, 2002)), *adopted by* 2016 WL 3453656 (June 20, 2016), *aff'd,* 691 F. App'x 8 (2d Cir. 2017).

HSBC requested prejudgment interest at the rate provided in the Term Note and Demand Note, Proposed Findings at 7–8, and it is entitled to this relief. *See, e.g.*, *NML Capital v. Republic of Argentina,* 621 F.3d 230, 240 (2d Cir. 2010) ("[T]he contract rate of interest, rather than the legal rate set forth in CPLR [§] 5004, governs until payment of the principal or until the contract is merged in a judgment" (quotation omitted)); *see also Hood*, 2016 WL 1366920, at \*19 ("[P]rejudgment interest is calculated at the contract rate, until the amount owed under the contract merges into a judgment.").

Under Rule 54(c) of the Federal Rule of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, HSBC provided adequate notice for prejudgment interest at the contract rate. In its complaint, HSBC sought an award inclusive of $9,720.65 in interest and a per diem rate of $89.97 on the Term Note as well as $6,151.73 in interest and a per diem rate of $53.47 on the Demand Note. Compl. ¶¶ 34–39. Moreover, the complaint states that HSBC "demands judgment against Borrower for damages as set forth above, plus interest, costs and attorneys' fees . . . ." *Id.* at ¶ 35*; see Howard v. Freedman*, No. 12-CV-5263 (PGG) (HBP), 2016

12

WL 5417884, at *9 (S.D.N.Y. July 21, 2016 (amended complaint seeking award of "no less than $3.5 million, plus interest" sufficient notice for plaintiff seeking prejudgment interest), *adopted by* 2016 WL 5468300 (Sept. 28, 2016). Accordingly, because HSBC gave notice that it was seeking the principal amount, the contractual interest rate, a per diem interest rate, and late charges in its original complaint, an award of prejudgment interest would not "differ in kind from, or exceed in amount" that which was demanded in its pleadings. Fed. R. Civ. P. 54(c); *see also Capgemini U.S. LLC v. EC Manage Inc.*, No. 10-CV-2486 (GBD) (HBP), 2012 WL 5931837, at *6 (S.D.N.Y. Nov. 7, 2012) (plaintiff's demand for relief of "plus interest" in complaint sufficient to put defendants on notice under Rule 54(c)), *adopted by* 2012 WL 5938590 (Nov. 27, 2012).

In its inquest submissions, HSBC requested updated amounts of $44,307.72 in interest and a $86.51 per diem interest rate for the Term Note as of November 18, 2020. Proposed Findings at 5. Additionally, HSBC requested updated amounts of $23,734.37 in interest and a $36.46 per diem interest rate for the Demand Note as of November 18, 2020. *Id.* These amounts accurately reflect the accrued interest charges and late fees since the complaint was filed in September 2019 and the interest rate set forth in the Term and Demand Notes. *See* Term Note at 1; Demand Note at 1. The 6.25% and 3.75% interest rates for the Term and Demand Notes, respectively, are the controlling interest rates here as defendants were given adequate notice when signing both Notes and Guarantees in November 2018 as well as from the complaint and its accompanying exhibits in October 2019.

HSBC's request for prejudgment interest should therefore be approved because it gave adequate notice of such request to defendants with the Term and Demand Notes, the Guarantees, and the Complaint. "Prejudgment interest is computed as the 'per diem interest rate' (principal × [interest rate] / 365) multiplied by the number of days in the prejudgment interest period." *Bolivar v. FIT Int'l Grp. Corp.*, No. 12-CV-781 (PGG) (DF), 2017 WL 11473766, at *23 n.16 (S.D.N.Y. Mar. 16, 2017) (citation omitted), *adopted by* 2019 WL 4565067 (Sept. 20, 2019). Accordingly, HSBC's request for prejudgment interest should be approved in the amount of $68,042.09 with a per diem rate of $86.51 for the Term Note and $36.46 for the Demand Note from November 19, 2020 through the date final judgment is entered.

### 3.  Attorneys' Fees and Costs

HSBC seeks an award of $36,405.00 in attorneys' fees and $768.10 in costs, totaling $37,173.10.  Proposed Findings at 7–8.  In support of this request for attorneys' fees, HSBC submitted a supplemental declaration from Yolanda Strader, an attorney with the law firm of Carlton Fields, P.A. representing HSBC in this case.  Strader Decl. ¶ 1.  Strader's supplemental declaration provided information on three attorneys who have spent a total of 85.8 hours in connection with this litigation.  *Id.* ¶ 4.  The breakdown of the attorneys' hours and fees is as follows:

| Attorney | Hours | Rate | Fees |
|---|---|---|---|
| Alan M. Grunspan | 8.6 | $571.50 | $4,914.90 |
| Yolanda P. Strader | 40.2 | $423.00 | $17,004.60 |
| Nora A. Valenza-Frost | 37 | $391.50 | $14,485.50 |

*Id.* Copies of the firm's invoices since July 31, 2020 were provided with Strader's supplemental declaration. Dkt. No. 50-2. In addition to the breakdown of attorneys' fees and the firm's invoices after July 31, 2020, HSBC also provided copies of the attorneys' biographies from the firm website. *See* Dkt. No. 50-2, Exs. B–D.

HSBC also seeks an award of $768.10 in costs associated with this lawsuit. Proposed Findings at 7–8. Strader's supplemental declaration provided the following breakdown of costs:

| Description | Amount |
|---|---|
| Pacer – Federal Court Document Charge | $20.40 |
| Filing/Recording Fee | $690.88 |
| Express Mail | $51.32 |
| Ground Transportation | $5.50 |

Strader Decl. ¶ 10. Copies of the firm's invoices since July 31, 2020 were provided with Strader's supplemental declaration and included itemized charges for express mail costs and one filing/recording fee charge. *See id.,* Ex. A.

### a. Entitlement to Fees

"The awarding of attorneys' fees in diversity cases is governed by state law." *Glassman-Brown v. Pouring Wine, LLC*, No. 14-CV-3763 (TPG) (KNF), 2015 WL 5853802, at *7 (S.D.N.Y. Aug. 5, 2015) (alterations omitted) (quoting *Grand Union Co. v. Cord Meyer Dev. Co.*, 761 F.2d 141, 147 (2d Cir. 1985)), *adopted in part by* 2015 WL 5853807 (Oct. 7, 2015). "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."

15

*Metro Found. Contractors, Inc. v. Arch Ins. Co.*, 551 F. App'x. 607, 610 (2d Cir. 2014) (quoting *NetJets Aviation, Inc. v. LHC Comms., LLC*, 537 F.3d 168, 175 (2d Cir. 2008)).

The Term Note and Demand Note both plainly provide for an award of reasonable attorneys' fees and expenses to HSBC when it acts to enforce the terms of the Notes. *See* Term Note at 3; Demand Note at 2. Pursuant to the First and Second Guarantees, Patricia Riccardi and Anthony Riccardi are responsible for attorneys' fees incurred by HSBC in enforcing its rights under the First Guarantees, the Second Guarantees, the Term Note, and the Demand Note. *See* Proposed Findings at 6 (citing Dkt. No. 32-3 at Exs. 2 & 4; Dkt. No. 44 at Exs. 2 & 4). The plain language of these provisions is thus sufficiently clear so as to entitle HSBC to attorneys' fees and costs.

### b. Hourly Rates

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Golden Dev. & Constr. Corp.*, No. 17-CV-1051 (VSB) (JLC), 2017 WL 2876644, at *5 (S.D.N.Y. July 6, 2017) (quoting *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13-CV-2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014)). "Although courts may exercise discretion in determining what constitutes reasonable attorneys' fees, 'the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—

16

creates a presumptively reasonable fee.'" *Id.* (additional quotation marks omitted) (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

"The reasonableness of hourly rates [is] guided by the market rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Trs. of the N.Y.C. Dist.*, 2017 WL 2876644, at *5 (alteration omitted) (quoting *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Installations of Am., Inc.*, No. 15-CV-8316 (PAE), 2017 WL 384694, at *5 (S.D.N.Y. Jan. 27, 2017)). "It is well-established that the prevailing community a district court should consider to determine the lodestar figure is normally 'the district in which the court sits.'" *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

HSBC proposes the following hourly rates: $571.50 for Alan Grunspan (shareholder), $423.00 for Yolanda Strader (shareholder), and $391.50 for Nora Valenza-Frost (of counsel). Strader Decl. ¶4. Alan M. Grunspan is a shareholder in the Miami office of Carlton Fields, P.A. and was admitted to the Florida Bar in 1985. Strader Decl. ¶ 6; Exhibit B. Yolanda P. Strader is also a shareholder in the Miami office of Carlton Fields, P.A. and was admitted to the Florida Bar in 2009. Strader Decl. ¶ 7; Exhibit C. Nora A. Valenza-Frost is of counsel in the New York office of Carlton Fields, P.A. and was admitted to the New York Bar in 2011 and the New Jersey Bar in 2010. Strader Decl. ¶ 8; Exhibit D.

17

The rates charged for each attorney working on this matter are within the reasonable range of rates for comparably experienced attorneys performing similar work. *See, e.g., Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 741 (S.D.N.Y. 2018) (hourly rate of $485 reasonable for of counsel attorney with 20-plus years of experience in breach of unconditional guaranty action); *Tabatznik v. Turner,* No. 14-CV-8135 (JFK), 2016 WL 1267792, at *11 (S.D.N.Y. Mar. 30, 2016) (approval of $650 hourly rate for partner and $425 hourly rate for associate in action to enforce promissory note); *Rubenstein v. Advanced Equities, Inc.*, No. 13-CV-1502 (PGG), 2015 WL 585561, at *6-7 (S.D.N.Y. Feb. 10, 2015) (hourly rate of $525 reasonable for partners with between 20 and 30 years' experience and "blended" rate of $350 is reasonable for associates with experience ranging from one to nine years). Accordingly, the attorneys' requested rates should be approved.

### c. Hours Expended

"As evidence that the number of attorney hours are reasonable, 'the fee application must be supported by contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *Trs. of the N.Y.C. Dist.*, 2017 WL 2876644, at *5 (additional quotation marks omitted) (quoting *1199/SEIU United*, 2014 WL 840965, at *10). "In determining whether a reasonable amount of time was expended on a matter, the Court may consider, *inter alia,* the nature and quality of the work submitted by counsel in connection with the litigation . . . as well as the degree of counsel's success." *Bank of Am., N.A. v. Brooklyn Carpet Exch., Inc.,* No. 15-CV-5981 (LGS) (DF), 2016 WL 8674686, at *8

18

(S.D.N.Y. May 13, 2016) (citing *Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)), *adopted by* 2016 WL 3566237 (June 27, 2016).  However, if the Court determines the application of attorneys' fees to be excessive, it "may exercise its discretion to 'use a percentage deduction as a practical means of trimming fat from a fee application.'" *Pasini v. Godiva Chocolatier, Inc.*, 764 F. App'x 94, 95 (2d Cir. 2019) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir. 2006)).

HSBC notes that Alan Grunspan spent 8.6 hours, Yolanda Strader spent 40.2 hours, and Nora Valenza-Frost spent 37 hours, totaling 85.8 hours in connection with this lawsuit.  Strader Decl. ¶ 4.  HSBC seeks reimbursement for the 85.8 hours of attorneys' time.  Proposed Findings at 7–8.  In support of its application for fees, HSBC provided invoices that specify the attorney working on the task, the description of the task, the amount of time, and the amount billed since July 31, 2020.  *Id.*, Ex. A.  However, 85.8 hours is a considerable amount of time spent on a straightforward breach of contract action in which an order of default was entered early in the litigation and is, in fact, multiples higher than in comparable cases. *See, e.g.*, *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 724–25 (S.D.N.Y. 2018), *as amended* (June 18, 2018) (35.6 hours claimed in "a relatively straightforward contract claim" in which defendant defaulted found unreasonable and warranted 25 percent reduction in fees); *Customers Bank v. Anmi, Inc.*, No. 11-CV-07992 (AJN), 2014 WL 842577, at *10 (S.D.N.Y. Mar. 3, 2014) (20.6 hours found reasonable in action arising from default on promissory note where defendant failed

to defend); *Diamant v. Dynasty Diamond & Jewelry Grp. Corp.*, No. 04-CV-3844 (GBD) (DF), 2006 WL 728802, at *5 (S.D.N.Y. Mar. 20, 2006) (18.91 hours spent on breach of contract case in which default was entered found reasonable).

Considering that HSBC's counsel is claiming more than double the amount of time spent as compared to cases in a similar posture, I recommend the reduction of the total attorneys' fees by 50 percent in order to reflect a reasonable number of hours expended on this case. *See, e.g.*, *Lora v. Grill on 2nd LLC*, No. 18-CV-4949 (JMF), 2018 WL 5113953, at *2 (S.D.N.Y. Oct. 19, 2018) ("In light of the seeming lack of complexity of the legal and procedural issues at play and counsel's time and labor, the Court finds that the fee request should be reduced by 50%."); *Canaveral v. Midtown Diner NYC, Inc.*, No. 19-CV-635 (GBD) (JLC), 2019 WL 4195194, at *9–10 (S.D.N.Y. Sept. 5, 2019) (attorneys' hours reduced by 40% taking into account "speedy resolution by default judgment"), *adopted by* 2019 WL 6170058 (S.D.N.Y. Nov. 19, 2019). Accordingly, HSBC should be awarded reduced attorneys' fees totaling $18,202.50.

### d. Costs

Finally, HSBC seeks reimbursement of $768.10 in costs associated with this litigation. Proposed Findings at 8; Strader Decl. ¶ 10. These costs include federal court document charges, filing/recording fees, express mail charges, and ground transportation. Strader Decl. ¶ 10.

"Fee awards normally include those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Tr.*

20

*of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. B&L Moving & Installation, Inc.*, No. 16-CV-4734 (GBD) (JLC), 2017 WL 4277175, at *8 (S.D.N.Y. Sept. 26, 2017) (quotation marks omitted). "As with attorneys' fees, the requesting party must substantiate the request for costs." *Guo v. Tommy's Sushi, Inc.*, No. 14-CV-3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016).

As other courts have ruled, "[c]osts for shipping, filing fees, process servers, and litigation support are routinely recoverable." *See, e.g., Bank of Am*, 2016 WL 8674686, at *11. Although Carlton Fields has not substantiated the amount of these costs by providing the original invoices or receipts, it did document its accrued costs in its contemporaneously maintained billing records that have been provided o the Court. In addition, Carlton Fields, through the Strader declaration, has submitted sworn testimony asserting that its litigation costs amount to $768.10. This record is sufficient to support the request for the reimbursement of costs. *See id.*

Accordingly, HSBC should be awarded $768.10 in costs.

### III.  CONCLUSION

For the foregoing reasons, I recommend that the Court award HSBC damages in the amount of $1,008,484.40 ($498,278.09 in outstanding principal for the Term Note; $350,000 in outstanding principal for the Demand Note; $73,193.62 in late fees for the Term Note; $68,042.09 in prejudgment interest; $18,202.50 in attorneys' fees; and $768.10 in costs), plus a per diem interest rate of $86.51 and

$36.46 for the Term Note and Demand Note, respectively, from November 19, 2020 through the date final judgment is entered.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe, United States Courthouse, 500 Pearl Street, New York, NY 10007. Any requests for an extension of time for filing objections must be directed to Judge Gardephe.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: February 22, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

22