UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HSBC BANK (USA), N.A.,

                Plaintiff,

- against -

PAKS HOLDINGS LLC, ANTHONY RICCARDI, AND PATRICIA RICCARDI,

                Defendants.

**ORDER**

19 Civ. 10193 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff HSBC Bank (USA), N.A. has sued Defendants PAKS Holdings, Anthony Riccardi, and Patricia Riccardi for breach of contract. (Cmplt. (Dkt. No. 1-1)) This Court entered Orders of Default against Defendant Anthony Riccardi (Dkt. No. 37) and Defendants PAKS Holdings and Patricia Riccardi (Dkt. No. 48) and referred this case to Magistrate James L. Cott for an inquest on damages. (Dkt. No. 47) Judge Cott has issued a Report and Recommendation ("R&R") in which he recommends that Plaintiff be awarded $1,008.484 in damages (inclusive of attorneys' fees and costs), plus per diem interest from November 19, 2020 through the date final judgment is entered. (R&R (Dkt. No. 53)) For the reasons stated below, the R&R will be adopted in its entirety.

**BACKGROUND**[1]

        Defendant PAKS Holdings LLC is composed of members Anthony Riccardi and

---

[1] The parties have not objected to Judge Cott's recitation of the alleged facts. Accordingly, the Court adopts his account of the facts in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties

Patricia Riccardi, who are also defendants in this case.  On November 6, 2018, Plaintiff provided a $553,884.00 loan to PAKS Holdings, evidenced by a Term Note.  (Cmplt. (Dkt. No. 1-1) ¶¶ 3, 8-9)  The same day, Anthony and Patricia Riccardi each executed and delivered an unlimited guaranty to Plaintiff related to this term note.  (Id. ¶¶ 8-9)

On November 7, 2018, Plaintiff provided a $350,000 revolving loan to PAKS Holdings, which is reflected in a revolving Demand Note.  (Id. ¶ 12-13)  That same day, Anthony Riccardi and Patricia Riccardi executed and delivered separate unlimited guaranties to Plaintiff related to this Demand Note.  (Id. ¶¶ 14-15)

Plaintiff alleges that PAKS Holdings is in default of both the Term Note and the Demand Note based on its failure to make July 2019 payments on each note and all payments due thereafter.  (Id. ¶¶ 10, 16)

Plaintiff filed an action in Supreme Court of the State of New York, New York County, for damages under two promissory notes and four unconditional guarantees and for reformation of certain loan documents.  (Id. ¶ 1)  The action was removed to this Court on November 1, 2019 on the basis of diversity jurisdiction.  (Notice of Removal (Dkt. No. 1) at 1-2) On November 19, 2019, PAKS Holdings, LLC and Patricia Riccardi filed an Answer.  (Dkt. No. 8)  Anthony Riccardi has not responded to the Complaint or otherwise appeared in this action.

On August 7, 2020, the Court ordered Anthony Ricardi to show cause – at a hearing scheduled for August 27, 2020 – why a default judgment should not be entered.  (Dkt. No. 33)  Anthony Riccardi was served with the order scheduling the hearing.  (Dkt. No. 34) He

---

have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . .").  Given Defendant's default, these facts are assumed to be true.  Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.").

did not appear for the show cause hearing on August 27, 2020.  (Dkt. No. 37)  That day, the Court issued an Order of Default against Anthony Riccardi.  (Id.)

Patricia Riccardi and PAKS Holdings similarly did not appear at the August 27, 2020 hearing.  (Dkt. No. 48)  On September 11, 2020, the Court ordered those Defendants to show cause – at a hearing scheduled for October 22, 2020 – why a default judgment should not be entered against them.  (Dkt. No. 45)  Both were served with the order scheduling the hearing.  (Dkt. No. 46)  Neither Patricia Riccardi nor PAKS Holdings appeared at the October 22, 2020 hearing, however.  (Dkt. No. 48)  That day, the Court issued an Order of Default against Patricia Riccardi and PAKS Holdings (id.) and referred this case to Judge Cott for an inquest on damages.  (Dkt. No. 47)

On November 20, 2020, Plaintiff filed proposed findings of fact and conclusions of law.  (Dkt. No. 50)  Although Judge Cott invited a written submission from Defendants (Dkt. No. 49), Defendants submitted nothing.

On February 22, 2021, Judge Cott issued a 22-page R&R recommending that Plaintiff be awarded (a) $924,471.71, representing $498,278.09 in outstanding principal for the Term Note, $350,000 in outstanding principal for the Demand Note, and $73,193.62 in late fees pursuant to the terms of the Term Note; (b) $18,202.50 in attorneys' fees and $768.10 in costs; and (c) $68,042.09 in prejudgment interest, with a per diem rate of $86.51 for the Term Note and $36.46 for the Demand Note from November 19, 2020 through the date final judgment is entered.  (R&R (Dkt. No. 53) at 11, 14, 20-21)

In his R&R, Judge Cott notified the parties that they had fourteen days to file objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Id. at 22)  The R&R further states that "[f]ailure to file objections within fourteen

(14) days will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted))  No party has objected to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," the "parties shall have fourteen (14) days from [February 22, 2021] to file written objections" to this R&R.  (R&R (Dkt. No. 53) at 22)  The R&R further states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id. (emphasis omitted))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, none of

4

the parties filed objections to Judge Cott's R&R.

Because none of the parties filed objections to Judge Cott's R&R, the parties have waived judicial review. The Court has, however, reviewed Judge Cott's twenty-two-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Cott's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety and Plaintiff is awarded $1,008,484.40 in damages (inclusive of attorneys' fees and costs, as well as prejudgment interest through November 18, 2020), plus a per diem interest rate of $86.51 for the Term Note and $36.46 for the Demand Note from November 19, 2020 through the date final judgment is entered. The Clerk of Court is directed to enter judgment and to close the case.

Dated: New York, New York
October 28, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge